UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY HENDRIX,

    Plaintiff,

v.                                            Case No. 8:19-cv-1145-T-24 AAS

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 28). Plaintiff opposes the motion. (Doc. No. 31). As explained below, the motion is granted in part and denied in part.

**I. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

**II.  Background**

    Plaintiff Tony Hendrix was hit by a postal truck and injured while crossing the street in front of his parents' house.  As a result, he brings this lawsuit against the United States of America under the Federal Tort Claims Act for the postal driver's alleged negligence.

    On December 22, 2016, Plaintiff and his family were gathered outside of his parents' house while Plaintiff's three-year-old nephew, Bre-yon, was playing outside.  (Doc. No. 28-1, depo. p. 11).  Bre-yon wanted to go across the street, and Plaintiff did not want Bre-yon to cross the street on his own.  (Doc. No. 28-1, depo. p. 12).

    The street was a two-lane road with a speed limit of 25 mph.  Before crossing the street with Bre-yon, Plaintiff saw the postal truck stopped three houses down.  (Doc. No. 28-1, depo. p. 15-16).  Plaintiff and Bre-yon then started to speed walk across the street together.  (Doc. No. 28-1, depo. p. 28-29).  While speed walking across the street, Plaintiff saw the postal truck driving towards them as they reached the center line, and he pushed Bre-yon out of the truck's way.  (Doc. No. 28-1, depo. p. 13, 16, 22).  Plaintiff contends that the postal truck driver, John Grealish, was speeding and looking down at his phone while driving towards Plaintiff and Bre-yon.  (Doc. No. 28-14, depo. p. 10-13, 18, 23, 26).

    The postal truck ended up hitting Plaintiff on his left side and knocked him across the street, almost to the ditch.  (Doc. No. 28-1, depo. p. 16, 21).  Plaintiff was taken by ambulance to the hospital to treat the injuries to his back and head.

    In his complaint, Plaintiff alleges that Grealish was negligent while acting within the course and scope of his employment as a postal truck driver.  Specifically, Plaintiff alleges that Grealish negligently operated the postal truck by "using his cellular phone, in exceeding the posted speed limits, failing to keep a proper lookout and in failing to take, or attempt to take,

2

reasonable avoidance action, or any avoidance action whatsoever, to avoid colliding with Plaintiff." (Doc. No. 1, ¶ 7).

### III.  Motion for Summary Judgment

Defendant, United States of America, is Grealish's employer and stands in his place under the Federal Tort Claims Act ("FTCA") for Plaintiff's negligence claim.[1] As explained by one court:

> With the enactment of the FTCA, the United States waived its sovereign immunity for tort claims, rendering itself liable for the negligent acts of a government employee "under circumstances where the United States, if a private person, would be liable to the claimant ...." 28 U.S.C. § 1346(b). Specifically, the Act permits claims for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Id.  Actions brought under the FTCA are governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, this negligence action is governed by Florida law.  To prevail in a negligence action under Florida law, a plaintiff must show: 1) that the defendant owed a duty of reasonable care to the plaintiff; 2) that the defendant breached that duty; 3) that the breach was the actual and proximate cause of the injury to the plaintiff, and 4) that the plaintiff suffered damages resulting from the defendant's breach.

Holzworth v. United States, 2011 WL 13298555, at *2–3 (M.D. Fla. June 29, 2011)(internal citations omitted).

Defendant moves for summary judgment, arguing: (1) Plaintiff cannot prove a breach of a duty; (2) Plaintiff cannot prove causation; (3) Plaintiff's damages are limited; and (4) Plaintiff's negligence outweighs Grealish's negligence.  Accordingly, the Court will address each argument.

---

[1] Grealish passed away after this case was filed but before he could be deposed.

3

**A.  Breach of Duty**

Defendant argues that summary judgment should be granted because Plaintiff cannot show that Defendant, through Grealish, breached a duty owed to him.  Defendant bases this argument on the report of its human factors expert, Justin Morgan Ph.D.  Morgan has opined that Grealish was not speeding and that the postal truck would have been approximately 1.5 seconds from reaching Plaintiff when Plaintiff entered the road to cross the street.[2]  (Doc. No. 28-16, rep. p. 12-14).

Plaintiff, however, has offered evidence in the form of his own testimony that conflicts with Morgan's opinions.  Specifically, Plaintiff has stated that Grealish was speeding and was not paying attention while driving (and instead, Grealish was looking down at his cell phone).  (Doc. No. 28-14, depo. p. 10-13, 18, 23, 26).  Accordingly, there is a genuine issue of material fact that precludes summary judgment on the issue of whether Defendant breached a duty owed to Plaintiff.

**B.  Causation**

Next, Defendant argues that summary judgment should be granted, because even if Plaintiff could prove a breach of a duty owed to him, he cannot prove that the breach caused his damages.  Again, Defendant bases this argument on Morgan's expert opinion that that the "accident was unavoidable for a normally attentive driver in Mr. Grealish's position."  (Doc. No. 28-16, rep. p. 15).

Defendant is correct that "'[a] finding of breach of a duty of care on the part of a defendant . . . does not establish a right to recovery by the plaintiff unless the plaintiff can also

---

[2] Morgan's conclusion that Grealish was not speeding is consistent with the postal service data regarding the speed that Grealish was driving.  (Doc. No. 28-7, p. 11).

4

show causation and damages.'"  Holzworth, 2011 WL 13298555, at *5 (quoting Giter v. U.S., 2010 WL 375929, at *6 (M.D. Fla. Jan. 25, 2010)).  However, as Plaintiff disputes one of the underlying factual bases that support Morgan's expert opinion on causation (*i.e.,* Plaintiff contends that Grealish was, in fact, speeding), there is a genuine issue of material fact that precludes summary judgment on the issue of causation.[3]

### C.  Damages

Next, Defendant argues that Plaintiff's damages are limited, as both Plaintiff and Defendant's medical experts have opined that Plaintiff did not suffer a permanent injury from the accident.  (Doc. No. 28-11; Doc. No. 28-15).  Florida Statute § 627.737(2) provides that a tort plaintiff can only recover damages for pain, suffering, mental anguish, and inconvenience if the plaintiff's injury consists of: (1) significant and permanent loss of an important bodily function; (2) a permanent injury; (3) significant and permanent scarring or disfigurement; or (4) death.  As there is no evidence before this Court that Plaintiff's injuries fall into any of these categories, the Court agrees that Plaintiff cannot recover damages for pain, suffering, mental anguish, or inconvenience.  To this extent, the Court grants Defendant's motion for summary judgment.

### D.  Comparative Negligence

Next, Defendant argues that Plaintiff's own negligence outweighs any negligence on Grealish's part. Defendant bases this argument on Morgan's expert opinion that the postal truck was approximately 1.5 seconds away from Plaintiff when he entered the road to cross the street. Morgan further opined that most normally attentive pedestrians would not have entered the road

---

[3] While Morgan has opined that the accident could not have occurred in the way that Plaintiff described, this Court is not permitted to weigh the evidence on a motion for summary judgment. Instead, the Court must construe the evidence in the light most favorable to Plaintiff.

with the postal truck being within such close proximity, and instead, Plaintiff should have waited an additional two seconds before entering the road.  (Doc. No. 28-16, rep. p. 12).

Florida has adopted the theory of comparative negligence, which can be described as follows:

> If it appears from the evidence that both plaintiff and defendant were guilty of negligence which was, in some degree, a legal cause of the injury to the plaintiff, this does not defeat the plaintiff's recovery entirely. The [trier of fact] in assessing damages would in that event award to the plaintiff such damages as in the [trier of fact's] judgment the negligence of the defendant caused to the plaintiff. In other words, the [trier of fact] should apportion the negligence of the plaintiff and the negligence of the defendant; then, in reaching the amount due the plaintiff, the [trier of fact] should give the plaintiff only such an amount proportioned with his negligence and the negligence of the defendant. This rule should not be construed so as to entitle a person to recover for damage in a case where the proof shows that the defendant could not by the exercise of due care have prevented the injury, or where the defendant's negligence was not a legal cause of the damage.

Hoffman v. Jones, 280 So.2d 431, 438 (Fla. 1973)(internal citation omitted).

Plaintiff has stated that the postal truck was stopped three houses away when he entered the road.  (Doc. No. 28-1, depo. p. 15-16).  As such, there is a genuine issue of material fact that precludes any finding on the issue of comparative negligence.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion for Summary Judgment (Doc. No. 28) is **GRANTED IN PART AND DENIED IN PART:** The motion is **GRANTED** to the extent that Plaintiff cannot recover any damages for pain, suffering, mental anguish, or inconvenience; otherwise, the motion is **DENIED**.

(2) All pretrial motions, including all motions in limine, must be filed by *November 12, 2020*. Each party may file *one* motion in limine containing all of their arguments in a single document not to exceed 25 pages. Responses thereto must be filed by *November 24, 2020*.

(3) The parties are directed to file their joint pretrial statement by *November 25, 2020.*

DONE AND ORDERED at Tampa, Florida, this 2nd day of November, 2020.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record